UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROXANN L.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:23-cv-1014 |
| | ) |
| LELAND DUDEK[2], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Roxann L., on November 28, 2023. For the following reasons, the decision of the Commissioner is **AFFIRMED.**

*Background*

The plaintiff, Roxann L., filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits under titles II and XVI of the Social Security Act ("Act"), alleging a disability onset date of April 27, 2013.  (Tr. 218, 222). Plaintiff's applications were denied initially and on reconsideration. (Tr. 105-06, 134-35). Following a hearing, Charles J. Thorbjornsen, an Administrative Law Judge ("ALJ"), issued an unfavorable decision on March 28, 2019. (Tr. 15-32). The agency's Appeals Council denied Plaintiff's request for review of the ALJ decision, and Plaintiff appealed to this Court on June 15, 2020. (Tr. 1-4, 1779-95). This Court remanded this case, and the ALJ held a new hearing on June 1, 2023. (Tr. 1716-46).

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Kilolo Kijakazi was the original Defendant in this case.  He was sued in his capacity as a public officer. On February 16, 2025, Leland Dudek became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Leland Dudek has been automatically substituted as a party.

After the hearing, the ALJ issued a partially favorable decision finding that Plaintiff became disabled on May 2, 2019, when her age category changed. (Tr. 1684-1701). Plaintiff then filed this appeal seeking benefits from April 27, 2013 to May 2, 2019, the date the ALJ found Plaintiff disabled. (Tr. 1684-1701; Pl. Br. 2).

The agency applies a five-step sequential analysis under 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of production at steps one through four of the evaluation. 20 C.F.R. § 404.1520(a)(4)(i)-(iv); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At step five, the agency must produce evidence of jobs existing in significant numbers in the national economy that the claimant can perform given age, work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(v).

At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Roxann L. had not engaged in substantial gainful activity since April 27, 2013, the alleged onset date. (Tr. 1696).

At step two, the ALJ determined that Roxann L. had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; osteoporosis; left knee degenerative joint disease; degenerative joint disease of the bilateral hips; COPD; and granuloma in the lung. (Tr. 1696). The ALJ also noted additional impairments, namely: carpal tunnel syndrome, right hand pain after a fall, and cholecystitis. (Tr. 1696). However, the ALJ indicated that those impairments caused no more than minimal limitations on her ability to engage in basic work activities and therefore considered them non-severe. (Tr. 1696). The ALJ also found the claimant had a medically determinable mental impairment, an adjustment disorder. Citing to the State agency psychological consultants' opinions, the ALJ found that the claimant's medically determinable mental impairment caused no more than "a

2

mild" limitation in any of the functional areas and therefore non-severe. (Tr. 1698).

At step three, the ALJ concluded that Roxann L. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 1698). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 1698). The ALJ considered whether the severity of Roxann L.'s physical and mental impairments met or medically equaled the criteria of Listings 1.15, 1.16, 1.18, and 3.02. (Tr. 1698). Regarding Listings 1.15 and 1.16, the ALJ found no evidence of a documented medical need for a walker, bilateral cane, bilateral crutches, or a wheeled and seated mobility device involving both hands. (Tr. 1698). The ALJ also found that the claimant's hip issues were not supported by evidence of a documented medical need for a walker, bilateral cane, bilateral crutches, or a wheeled and seated mobility device involving both hands. (Tr. 1698) Regarding Listing 3.02, the ALJ found that the claimant's FEV1 or FVC did not meet the values described in the tables for the claimant's age, gender, and height. (Tr. 1698). The ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except the claimant can occasionally lift 20 pounds and frequently lift 10 pounds; can occasionally carry 20 pounds and frequently carry 10 pounds; and can sit for 6 hours and stand or walk for 6 hours. (Tr. 1698). The ALJ also found that the evidence supported that claimant could handle and finger items frequently with her left and right hands while noting that the claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps, balance, stoop, kneel, crouch, or crawl. (Tr. 1698). Further, the ALJ found that the claimant can never work at unprotected heights and should not have concentrated exposures to work around moving mechanical parts, humidity, dust, odors, fumes, and pulmonary irritants but

could have occasional exposure to extreme cold, extreme heat, or vibration. (Tr. 1698). The ALJ considered the following to make his findings: all symptoms and the extent to which those symptoms could be accepted with the objective medical evidence as required by 20 C.F.R. § 404.1529 and 416.929 and SSR 16-3p; medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520c and 416.920c. (Tr. 1698).

After consideration of the entire record, the ALJ described Roxann L.'s residual functional capacity ("RFC") as follows:

> [T]he undersigned finds that since April 27, 2013, the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except the claimant can lift 20 pounds occasionally and 10 pounds frequently, and carry 20 pounds occasionally and 10 pounds frequently, sitting for 6 hours and standing or walking for 6 hours. She can handle and finger items frequently with the left hand and right hand. The claimant can never climb ladders, ropes or scaffolds but can occasionally climb ramps, stairs, balance, and stoop, kneel, crouch or crawl. The claimant can never work at unprotected heights, and no concentrated exposure to work around moving mechanical parts, humidity, dust, odors, fumes and pulmonary irritants, and occasional exposure to extreme cold, extreme heat or vibration.

(Tr. 1698). After considering the evidence, the ALJ found that Roxann L.'s medically determinable impairments reasonably could have been expected to cause the alleged symptoms. (Tr. 1699). However, he found that the Roxann L.'s statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 1699).

At step four, the ALJ found that since April 27, 2013, Roxann L. was unable to perform past relevant work. (Tr. 1707). However, he did find jobs that existed in significant numbers in the national economy that Roxann L. could have performed. (Tr. 1708). Therefore, the ALJ found that Roxann L. had not been under a disability, as defined in the Social Security Act, since

4

April 27, 2013, the alleged onset date, but was under a disability as of May 2, 2019, when Roxann L.'s age category changed. (Tr. 1708).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). A court cannot "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021); *Thorlton*, 127 F.4th at 1081. However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and

functional capacity to work, is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek*, 139 S. Ct. at 1154 (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Roxann L. has requested that this Court remand this matter for additional proceedings. In her appeal, she alleges that the ALJ erred in evaluating medical opinion evidence and failed to accommodate for her limitations prior to May 2, 2019.

Roxann L. argues that the ALJ erred in evaluating the opinions of her treating physicians, Dr. Brian Cole, M.D.; Dr. John Kelly, M.D.; and Dr. Syed Quadri, M.D., by failing to include their "checkbox" limitations in the RFC. The Social Security Administration's previous regulations entitled the opinions of certain physicians to controlling weight based on their status as a claimant's treating physician. However, the new regulations have done away with this requirement. *See* 20 C.F.R. § 416.920c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) … including those from your medical sources"). Instead, an ALJ must consider all medical opinions based on factors set out by the Social Security Administration with *supportability* and *consistency* being the most important factors for the ALJ to discuss. *Kaehr v. Saul*, 2021 U.S. Dist. LEXIS 18500, 2021 WL 321450, at *3 (N.D. Ind. Feb. 1, 2021) (emphasis added). An ALJ can, but is not required to, explain how he evaluated the remaining factors which include the physician's relationship with the claimant and any specializations. 20 C.F.R. § 404.1520c; *Ray v. Saul*, 861 F.App'x 102, 105-06 (7th Cir. 2021) ("we will affirm the ALJ's decision if we are confident that the ALJ's

reasoning sufficiently accounted for the substance of the prescribed factors"). Here, the ALJ evaluated Plaintiff's treating physician's opinions as required and discussed the consistency of the opinions with the treatment record and the claimant's activities. (Tr. 1706). "Establishing the existence of an impairment is not enough." *Thorlton*, 127 F.4th at 1081. Roxann L.'s treating physicians noted limitations affecting the claimant, but those limitations did not prevent the claimant from all types of work. (Tr. 1700-17).

The ALJ identified the limitations stated by each treating physician. (Tr. 1700-17). Dr. Cole's 2007 and 2014 opinions limited Plaintiff to lifting 20 pounds; pushing and pulling 100 pounds; alternating sitting and standing; ground level work only; no climbing of ladders or stairs; no crawling, crouching, or squatting, and a four-to-six-hour workday with breaks. (Tr. 1703). The ALJ's evaluation of Dr. Cole's opinion and notes was detailed in a full page of writing. (Tr. 1703).

The ALJ identified the limitations stated by Dr. Kelly in 2016 as lifting only 20 pounds; not climbing ropes, ladders, scaffolds, or stairs; not kneeling or squatting; sitting for up to two hours; standing for one hours; walking for one hour; using bilateral hands for grasping, manipulating, and pushing or pulling. (Tr. 1704). The ALJ also noted that Dr. Kelly had reviewed Dr. Cole's opinion and opined that the claimant could not work more than five hours a day. (Tr. 1704).

The ALJ evaluated the limitations stated by Dr. Quadri in 2018, finding Dr. Quadri opined that the claimant could stand for one hour and sit for four hours in an eight-hour workday; would need to lie down during the day; and had difficulty walking. (Tr. 1705). Dr. Quadri also opined that the claimant could reach above her shoulders, reach to waist level, and reach to the floor. (Tr. 1705). His notes also indicated that the claimant could handle objects with

8

her hands and fingers and lift and carry less than five pounds in an eight-hour workday. (Tr. 1705).

After reviewing each of the treating physicians' opinions, the ALJ found inconsistencies with the opinions and the claimant's Functional Capacity Evaluation ("FCE"). (Tr. 1700-07). The ALJ's decision reflects his consideration of the physicians' relationships with the claimant, as required by 20 C.F.R. § 404.1527. (Tr. 1690-98). In fact, 20 C.F.R. § 404.1527(c)(2)(4) states that "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." However, the ALJ found the medical opinions to diverge from the rest of the evidence in "the record as a whole." 20 C.F.R. § 404.1527(c)(4); *Chambers v. Saul*, 861 F.App'x 95, 101-02 (7th Cir. 2021). "While a treating physician's opinion is important, it is not the final word on a claimant's disability." *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996). Here, the ALJ was able to consider, and did consider, the claimant's daily activities, including gardening, walking her dog, working part time, and caring for her mother. (Tr. 1694-98). Roxann L. argues that the ALJ did not consider the claimant's limitations when citing to her daily activities. (Pl. Reply at 8). However, the limitations which she claims the ALJ overlooked were all noted by the ALJ when analyzing the treating physicians' notes. (Tr. 1700-09).

The ALJ evaluated the treating physicians' opinions and recognized that the claimant had pain that was effectively treated and managed by pain intervention prior to May 2, 2019. (Tr. 1687-98). The Seventh Circuit has held that a court of review does not independently evaluate medical opinions but evaluates the ALJ's weighing of those opinions, only overturning the ALJ's decision if "no reasonable mind could accept the ALJ's conclusion." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). The ALJ found that the record, inclusive of physician notes and the claimant's testimony, showed that the claimant did not suffer from a disability prior to May 2,

9

2019. The record showed that Plaintiff demonstrated normal gait, strength, and sensation while maintaining the limited abilities to stand, walk, and lift. (Tr. 1689-98); *see Thorlton*, 127 F.4th at 1082 (finding the ALJ did not discredit claimant's testimony by merely finding it inconsistent with the rest of the record); *see also Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020) ("even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, we will not substitute our judgment for that of the ALJ's by reweighing the evidence.").

Based on the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.

ENTERED this 31st day of March, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge