UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROXANN L.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-1014 |
| | ) | |
| LELAND DUDEK[2], | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's Motion to Alter or Amend Judgment

Pursuant to Federal Rule of Civil Procedure 59(e) [DE 27], filed by the plaintiff, Roxann L. The

motion is **GRANTED,** and the decision of the Commissioner is **REVERSED** and

**REMANDED.**

*Background*

The plaintiff, Roxann L., filed applications for Disability Insurance Benefits and

Supplemental Security Income Benefits under titles II and XVI of the Social Security Act

("Act"), alleging a disability onset date of April 27, 2013.  (Tr. 218, 222). Plaintiff's applications

were denied initially and on reconsideration. (Tr. 105-06, 134-35). Following a hearing, Charles

J. Thorbjornsen, an Administrative Law Judge ("ALJ"), issued an unfavorable decision on

March 28, 2019. (Tr. 15-32). The agency's Appeals Council denied Plaintiff's request for review

of the ALJ decision, and Plaintiff appealed to this Court on June 15, 2020. (Tr. 1-4, 1779-95).

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Kilolo Kijakazi was the original Defendant in this case.  He was sued in his capacity as a public officer.
On February 16, 2025, Leland Dudek became the acting Commissioner of Social Security. Pursuant to
**Federal Rule of Civil Procedure 25(d)**, Leland Dudek has been automatically substituted as a party.

This court remanded this case, and the ALJ held a new hearing on June 1, 2023. (Tr. 1716-46).

After the hearing, the ALJ issued a partially favorable decision finding that Plaintiff became

disabled on May 2, 2019, when her age category changed. (Tr. 1684-1701). Plaintiff then filed

this appeal seeking benefits from April 27, 2013 to May 2, 2019, the date the ALJ found Plaintiff

disabled. (Tr. 1684-1701; Pl. Br. 2).

The agency applies a five-step sequential analysis under 20 C.F.R. § 404.1520(a)(4). The

claimant bears the burden of production at steps one through four of the evaluation. 20 C.F.R. §

404.1520(a)(4)(i)-(iv); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At step five, the agency

must produce evidence of jobs existing in significant numbers in the national economy that the

claimant can perform given age, work experience, and residual functional capacity ("RFC"). 20

C.F.R. § 404.1520(a)(4)(v).

At step one of the five-step sequential analysis for determining whether an individual is

disabled, the ALJ found that Roxann L. had not engaged in substantial gainful activity since

April 27, 2013, the alleged onset date. (Tr. 1696).

At step two, the ALJ determined that Roxann L. had the following severe impairments:

degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine;

osteoporosis; left knee degenerative joint disease; degenerative joint disease of the bilateral hips;

COPD; and granuloma in the lung. (Tr. 1696). The ALJ also noted additional impairments,

namely: carpal tunnel syndrome, right hand pain after a fall, and cholecystitis. (Tr. 1696).

However, the ALJ indicated that those impairments caused no more than minimal limitations on

her ability to engage in basic work activities and therefore considered them non-severe.  (Tr.

1696).  The ALJ also found the claimant had a medically determinable mental impairment, an

adjustment disorder. Citing to the State agency psychological consultants' opinions, the ALJ

found that the claimant's medically determinable mental impairment caused no more than "a mild" limitation in any of the functional areas and therefore non-severe. (Tr. 1698).

At step three, the ALJ concluded that Roxann L. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 1698). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 1698). The ALJ considered whether the severity of Roxann L.'s physical and mental impairments met or medically equaled the criteria of Listings 1.15, 1.16, 1.18, and 3.02. (Tr. 1698). Regarding Listings 1.15 and 1.16, the ALJ found no evidence of a documented medical need for a walker, bilateral cane, bilateral crutches, or a wheeled and seated mobility device involving both hands. (Tr. 1698). The ALJ also found that the claimant's hip issues were not supported by evidence of a documented medical need for a walker, bilateral cane, bilateral crutches, or a wheeled and seated mobility device involving both hands. (Tr. 1698) Regarding Listing 3.02, the ALJ found that the claimant's FEV1 or FVC did not meet the values described in the tables for the claimant's age, gender, and height. (Tr. 1698). The ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except the claimant could occasionally lift 20 pounds and frequently lift 10 pounds; could occasionally carry 20 pounds and frequently carry 10 pounds; and could sit for 6 hours and stand or walk for 6 hours. (Tr. 1698). The ALJ also found that the evidence supported that claimant could handle and finger items frequently with her left and right hands while noting that the claimant could never climb ladders, ropes, or scaffolds but could occasionally climb ramps, balance, stoop, kneel, crouch, or crawl. (Tr. 1698). Further, the ALJ found that the claimant could never work at unprotected heights and should not have concentrated exposures to work

around moving mechanical parts, humidity, dust, odors, fumes, and pulmonary irritants but could

have occasional exposure to extreme cold, extreme heat, or vibration. (Tr. 1698). The ALJ

considered the following to make his findings: all symptoms and the extent to which those

symptoms could be accepted with the objective medical evidence as required by 20 C.F.R. §

404.1529 and 416.929 and SSR 16-3p; "medical opinions and prior administrative medical

findings in accordance with the requirements of 20 C.F.R. § 404.1520c and 416.920c." (Tr.

1698-99).[3]

After consideration of the entire record, the ALJ described Roxann L.'s residual

functional capacity ("RFC") as follows:

> [T]he undersigned finds that since April 27, 2013, the claimant has
> the residual functional capacity to perform light work as defined in
> 20 C.F.R. § 404.1567(b) and 416.967(b) except the claimant can lift
> 20 pounds occasionally and 10 pounds frequently, and carry 20
> pounds occasionally and 10 pounds frequently, sitting for 6 hours
> and standing or walking for 6 hours. She can handle and finger items
> frequently with the left hand and right hand. The claimant can never
> climb ladders, ropes or scaffolds but can occasionally climb ramps,
> stairs, balance, and stoop, kneel, crouch or crawl. The claimant can
> never work at unprotected heights, and no concentrated exposure to
> work around moving mechanical parts, humidity, dust, odors, fumes
> and pulmonary irritants, and occasional exposure to extreme cold,
> extreme heat or vibration.

(Tr. 1698). After considering the evidence, the ALJ found that Roxann L.'s medically

determinable impairments reasonably could have been expected to cause the alleged symptoms.

(Tr. 1699). However, he found that the Roxann L.'s statements concerning the intensity,

persistence, and limiting effects of those symptoms were not entirely consistent with the medical

---

[3] The ALJ affirms that he evaluated the medical findings as required by "20 CFR 404.1520c." (Tr. 1699). Herein lies
the problem. Because the claimant filed her claim prior to March 27, 2017, the ALJ was supposed to evaluate
medical opinions according to 20 C.F.R. § 404.1527(c). *See § 404.1527. Evaluating opinion evidence for claims
filed before March 27, 2017.*, https://www.ssa.gov/OP_Home/cfr20/404/404-1527.htm (last visited Apr. 29, 2025).

evidence and other evidence in the record.  (Tr. 1699).

At step four, the ALJ found that since April 27, 2013, Roxann L. was unable to perform past relevant work.  (Tr. 1707).  However, he did find jobs that existed in significant numbers in the national economy that Roxann L. could have performed.  (Tr. 1708).  Therefore, the ALJ found that Roxann L. had not been under a disability, as defined in the Social Security Act, since April 27, 2013, the alleged onset date, but was under a disability as of May 2, 2019, when Roxann L.'s age category changed.  (Tr. 1708).

This court affirmed the Commissioner's decision in its Order [DE 25] issued on March 31, 2025. Plaintiff filed a Motion to Alter or Amend Judgment [DE 27] because the court cited to 20 C.F.R. § 404.1520(c) rather than 20 C.F.R. § 404.1527(c) since Plaintiff's claims were filed before March 27, 2017. Plaintiff states that the ALJ failed to give the medical opinions of treating physicians controlling weight. The defendant filed a response [DE 28] noting that the court did evaluate under 20 C.F.R. § 404.1527 elsewhere in the opinion and that the court's determination would have been the same. Plaintiff's Reply [DE 29] reiterated that the court's analysis was ultimately done under the wrong regulation, thereby demonstrating a "manifest error of law."

The court recognizes that its Order relied on the updated regulation and will evaluate the Commissioner's decision according to 20 C.F.R. § 404.1527(c), which applies to all claims filed before March 27, 2017.[4] The court cited to § 404.1520(c) in error because that is regulation cited by the ALJ. (Tr. 1699). The court, **REVERSES** and **REMANDS** the Commissioner's decision.

*Discussion*

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a

---

[4] *§ 404.1527. Evaluating opinion evidence for claims filed before March 27, 2017.*,
https://www.ssa.gov/OP_Home/cfr20/404/404-1527.htm (last visited Apr. 29, 2025).

judgment if that motion is filed no later than 28 days after the entry of the judgment. Fed. R. Civ.

P. 59(e). The court entered judgment [DE 26] on March 31, 2025, and Plaintiff filed this motion

[DE 27] on April 11, 2025. This motion is timely. "Relief under Rule 59(e) is an 'extraordinary

remedy reserved for the exceptional case.'" *Vesey v. Envoy Air, Inc*. 999 F.3d 456, 463 (7th Cir.

2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.2d 801, 807 (7th Cir. 2015)). Rule 59(e)

motions are granted to correct a "manifest error—factual or legal—or to consider newly

discovered evidence." *Id.* Here, Plaintiff asserts that the court made its ruling under a manifest

error of law. The court acknowledges that it did not analyze this case according to a regulation in

effect at the time Plaintiff filed her claim. Accordingly, the Rule 59(e) motion is **GRANTED**.

The standard for judicial review of an ALJ's finding that a claimant is not disabled within

the meaning of the Social Security Act is limited to a determination of whether those findings are

supported by substantial evidence.  42 U.S.C. § 405(g) ("The findings of the Commissioner of

Social Security, as to any fact, if supported by substantial evidence, shall be conclusive.");

*Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097

(7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the

correct legal standards and supported her decision with substantial evidence.").  Courts have

defined substantial evidence as "such relevant evidence as a reasonable mind might accept to

support such a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28

L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206,

217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098.  A court must affirm an ALJ's

decision if the ALJ supported his findings with substantial evidence and if there have been no

errors of law. *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025); *Roddy v. Astrue*, 705 F.3d

631, 636 (7th Cir. 2013) (citations omitted).  A court cannot "reweigh the evidence, resolve

debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021); *Thorlton*, 127 F.4th at 1081. However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act.  The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920.  The ALJ first considers whether the claimant is presently employed and "doing . . .  substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over.  If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  20 C.F.R. § 401, pt. 404, subpt. P, app. 1.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual

functional capacity" and the physical and mental demands of her past work.  If, at this fourth

step, the claimant can perform her past relevant work, she will be found not disabled.  20 C.F.R.

§§ 404.1520(e), 416.920(e).  However, if the claimant shows that her impairment is so severe

that she is unable to engage in her past relevant work, then the burden of proof shifts to the

Commissioner to establish that the claimant, in light of her age, education, job experience, and

functional capacity to work, is capable of performing other work and that such work exists in the

national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek,*

139 S. Ct. at 1154 (upon the disability benefits applicant's request, vocational expert's refusal to

provide the private market-survey data underlying her opinion regarding job availability does not

categorically preclude the expert's testimony from counting as "substantial evidence" but,

instead, the inquiry is case-by-case).

Roxann L. initially requested that this court remand this matter for additional

proceedings.  In her appeal, she alleged that the ALJ erred in evaluating medical opinion

evidence and failed to accommodate for her limitations prior to May 2, 2019.

Roxann L. argued that the ALJ erred in evaluating the opinions of her treating physicians,

Dr. Brian Cole, M.D.; Dr. John Kelly, M.D.; and Dr. Syed Quadri, M.D., by failing to include

their "checkbox" limitations in the RFC.  The Social Security Administration's regulations in

effect in February 2017 required the ALJ to explain why a treating physician's opinion was not

given controlling weight. 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 263

(7th Cir. 2018). Here, the ALJ evaluated Plaintiff's treating physicians' opinions as required and

discussed the consistency of the opinions with the treatment record and the claimant's activities.

(Tr. 1706). However, the ALJ did not articulate each of the treating physician's specialties, the

duration of the physicians' relationships with Plaintiff, and why controlling weight was not due.

*Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (quoting *Moss v. Astrue,* 555 F.3d 556, 561

(7th Cir. 2009) ("If an ALJ does not give a treating physician's opinion controlling weight, the

regulations require the ALJ to consider the length, nature, and extent of the treatment

relationship, frequency of examination, the physician's specialty, the types of tests performed,

and the consistency and supportability of the physician's opinion." (citing 20 C.F.R. §

404.1527(d)(2)))).

The applicable regulation, 20 C.F.R. § 404.1527, defines "medical opinion" and "treating

source" and outlines how medical opinions are weighed. Dr. Cole, Dr. Kelly, and Dr. Quadri

were all treating sources who had ongoing treating relationships with Plaintiff. While the ALJ

discussed that he found the treating physicians' opinions to be contradictory to the other

evidence presented, such as Plaintiff caring for her ill mother or walking her dog, he failed to

include the required explanations. The ALJ was not required to give the treating physicians'

opinions controlling weight, but he was required to apply the factors under § 404.1527(c)(2) and

"give good reasons in [their] notice of determination or decision for the weight" given." 20

C.F.R. § 404.1527(c)(2). The ALJ did not distinguish one physician and his specialty from

another. The ALJ did not distinguish the length of treatment in relationship to the opinion of one

physician versus another.

In noting Plaintiff's limitations identified by Dr. Cole, the ALJ found that Dr. Cole's

2007 and 2014 opinions limited Plaintiff to lifting 20 pounds; pushing and pulling 100 pounds;

alternating sitting and standing; ground level work only; no climbing of ladders or stairs; no

crawling, crouching, or squatting, and a four-to-six-hour workday with breaks. (Tr. 1703).

The ALJ identified the limitations stated by Dr. Kelly in 2016 as lifting only 20 pounds;

not climbing ropes, ladders, scaffolds, or stairs; not kneeling or squatting; sitting for up to two

hours; standing for one hours; walking for one hour; using bilateral hands for grasping, manipulating, and pushing or pulling. (Tr. 1704). The ALJ also noted that Dr. Kelly had reviewed Dr. Cole's opinion and opined that the claimant could not work more than five hours a day. (Tr. 1704).

The ALJ evaluated the limitations stated by Dr. Quadri in 2018, finding Dr. Quadri opined that the claimant could stand for one hour and sit for four hours in an eight-hour workday; would need to lie down during the day; and had difficulty walking. (Tr. 1705). Dr. Quadri also opined that the claimant could reach above her shoulders, reach to waist level, and reach to the floor. (Tr. 1705). His notes also indicated that the claimant could handle objects with her hands and fingers and lift and carry less than five pounds in an eight-hour workday. (Tr. 1705).

After reviewing each of the treating physicians' opinions, the ALJ found inconsistencies with the opinions and the claimant's Functional Capacity Evaluation ("FCE"). (Tr. 1700-07). 20 C.F.R. § 404.1527(c)(4) states that "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." Finding that the medical opinions diverged from the rest of the evidence in "the record as a whole," the ALJ denied the claimant benefits. *See* 20 C.F.R. § 404.1527(c)(4). The ALJ was required, however, to articulate why the medical opinions were not given controlling weight, the specializations of treating physicians, and the duration of treatment relationships.

Based on the foregoing reasons, the decision of the Commissioner is **REVERSED** and **REMANDED**.

ENTERED this 30th day of April, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge